NO. 07-10-0391-CR
NO. 07-10-0392-CR
NO. 07-10-0393-CR
NO. 07-10-0394-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 6, 2010
_____

RICARDO CAVAZOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 51,006-C; 51,007-C, 51,008-C, 51,009-C;

HON. PATRICK A. PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ricardo Cavazos (appellant) filed a document called a "motion for out of time appeal." In it, he informs us of his intent to appeal his conviction in various causes of action. However, he also acknowledges that the period in which to perfect a timely

appeal lapsed long ago. Thus, we treat his "motion" as a notice of appeal and dismiss the appeals for want of jurisdiction.

According to the information before us, the trial court sentenced appellant on March 8, 2006. At that point, he allegedly told the court that he wanted to appeal. However, no notice of appeal was filed within the time necessary to effectively effectuate his desire. Instead, we received the aforementioned "motion" on September 15, 2010.

It is beyond dispute that a timely notice of appeal is necessary to invoke our jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, the notice must be filed within thirty days after sentence was pronounced in open court, unless a timely motion for new trial was filed. TEX. R. APP. P. 26.2. Irrespective of whether a motion for new trial actually was filed and denied here, a notice tendered more than four years after the trial court sentenced appellant in open court is untimely. So, we have no jurisdiction over the matter. *State v. Riewe, supra.*

Accordingly, the appeal is dismissed for want of jurisdiction. However, an appellant may petition the Texas Court of Criminal Appeals under article 11.07 of the Code of Criminal Procedure for leave to initiate a belated appeal, as the petitioner apparently did in *Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).


Brian Quinn
Chief Justice


Do not publish.


2